**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TODD STUBBS**                                                                                                    **PLAINTIFF**

**V.**                                                                         **CIVIL ACTION NO. 2:14-CV-205-KS-MTP**

**RANDY LAMAR TONEY et al.**                                                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion *In Limine* to Preclude Any Mention of the Speed Limit at Intersection at the Time of the Accident Being 55 Miles Per Hour ("Motion to Preclude Speed Limit") [26] and the Motion *In Limine* to Exclude any Evidence of Other Traffic Violations and/or Violations of DOT Regulations ("Motion to Exclude Other Violations") [27] filed by Defendants Randy Lamar Toney and Thompson Tractor Co., Inc.  After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that these motion should be denied.

**I. BACKGROUND**

This action arises out of a vehicular accident on December 16, 2013, during which a commercial vehicle owned by Defendant Thompson Tractor Co., Inc. ("Thompson Tractor"), and driven by Defendant Randy Lamar Toney ("Toney"), crashed into a vehicle being driven by Plaintiff Todd Stubbs ("Plaintiff") at or near the intersection of US Highway 84 and MS Highway 35.  At the time of the wreck, Plaintiff was crossing the eastbound lanes of US Highway 84, traveling on MS Highway 35, in Covington County, Mississippi.

On November 26, 2014, Plaintiff brought this action in the Circuit Court of Covington County, Mississippi, against Thompson Tractor and Toney (collectively "Defendants"), asking for both compensatory and punitive damages.  Defendants removed the action to this Court on

December 31, 2014, pursuant to 28 U.S.C. § 1441.  This Court has jurisdiction through diversity jurisdiction under 28 U.S.C. § 1332.

## II.  DISCUSSION

### A.      Motion to Preclude Speed Limit [26]

In their Motion to Preclude Speed Limit [26], Defendants ask the court to preclude evidence of a 55-mile-per-hour speed limit from being introduced to the jury.  They argue that this speed limit was posted on a double-diamond orange and black sign and was advisory only under the Manual on Uniform Traffic Control Devices.  As the Court is sitting in diversity, it applies Mississippi law.

Under Mississippi law, "[e]ven though the double-diamond sign in question is not a speed-limit sign according to the Manual of Uniform Traffic Control Devices, it is an official traffic control device according to the plain and unambiguous language of Mississippi Code Annotated section 63-3-133." *Etheridge v. Harold Case & Co., Inc.*, 960 So.2d 474, 480 (Miss. Ct. App. 2006).  Under § 63-3-313, "drivers must obey all traffic-control devices, unless instructed otherwise by a police officer." *Id.*  The court in *Etheridge* found a similar double-diamond sign that read "SLOW TO 45" to be mandatory under Mississippi law, despite being advisory according to the Manual of Uniform Traffic Control Devices.  *Id.* at 479.

Defendants attempt to argue that the Manual of Uniform Traffic Control Devices, because it has been approved by the Federal Highway Administrator as a national standard, preempts Mississippi law when it comes to traffic control devices.  For this sort of preemption to exists, it must be "an express congressional command" or the "federal law [must] so thoroughly occup[y] a legislative field as to make reasonable the inference that Congress left no room for States to supplement it." *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516, 112 S. Ct. 2608, 120 L.Ed.2d 407 (1992) (internal citations and quotations omitted).  Defendants have made no attempt to show that

either of these conditions are met. The Court cannot find, then, that Mississippi law is preempted.

Defendants further contend that the sign in *Etheridge* is distinguishable from the sign at issue here, as it directed drivers to "SLOW TO 45" instead of just stating the speed limit. The Court finds that this distinction has no meaning. The "SLOW TO" wording of the *Etheridge* sign did not make it an official traffic control device. The sign was an official traffic control device because it was a sign "placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic." *Etheridge*, 960 So.2d at 479 (quoting MISS. CODE ANN. § 63-3-133). This same criteria is met by the sign in this case.

Therefore, because Defendants have not demonstrated that Mississippi law is preempted by federal law or that the 55-mile-per-hour speed limit sign was not an official traffic control device which drives were mandated to follow under Mississippi law, the Court will **deny** the Motion to Preclude Speed Limit [26].

### B.    Motion to Exclude Other Violations [27]

In their Motion to Preclude Other Traffic Violations [27], Defendants ask the Court to exclude from trial any evidence of other traffic violation and/or violations of DOT regulations involving Defendants. Defendants argue that, because they were not cited for violating traffic law or DOT regulations for the accident at issue, no previous violation can be similar enough to be introduced as relevant evidence. They also contend that admission of such evidence, even if relevant, would be prejudicial to them and therefore barred under Federal Rule of Evidence 403.

The Court does not find Defendants' arguments persuasive to categorically exclude evidence of past traffic or DOT violations, especially when neither party has pointed to any specific purported use of such evidence. The Court will, however, caution Plaintiff, who contends that these past violations are in some way relevant to his claims, that admissible use of past misconduct as evidence

3

against a defendant is limited under the Federal Rules of Evidences.  Specifically, F.R.E. 404(b)(1) holds that evidence of such conduct "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, this type of evidence may be used for a different purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Specific instances of conduct may also be used for impeachment purposes in limited circumstances under F.R.E. 608(b).

Because the Court does not find a categorical exclusion of past violations warranted, Defendants' Motion to Exclude Other Violations [27] will be **denied**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Preclude Speed Limit [26] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Exclude Other Violations [27] is **denied**.

SO ORDERED AND ADJUDGED this the 16th day of February, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE